# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL LEE JIMENEZ,    )
    )
    Petitioner,    )
    )
v.    )    **Case No. CIV-15-1087-R**
    )
ROBERT PATTON,    )
    )
    Respondent.    )
    )
    )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon Erwin [Doc. 11] entered June 23, 2016, and Petitioner's Objection to Report and Recommendation [Doc. 12] filed July 13, 2016. The Magistrate Judge found that each of Petitioner's five grounds for habeas relief lacked merit. Magistrate Judge Erwin thus recommended that the petition for a writ of habeas under 28 U.S.C. § 2254 be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation of the Magistrate Judge de novo in light of Petitioner's objections. To conduct that de novo review, the Court has carefully reviewed the entire record. The Court fully concurs in the findings, conclusions, and recommendations of the Magistrate Judge. The Oklahoma Court of Criminal Appeals' adjudication of each of the claims that Petitioner raises in his habeas petition neither conflicted with nor involved an unreasonable application of clearly established federal law as determined by the United Supreme States Supreme Court.

The Oklahoma Court of Criminal Appeals found that neither the admission of prior testimony from a co-defendant nor the admission of testimony from the state medical examiner violated the Petitioner's right to confront his accuser under the Sixth Amendment; that the prosecution's comments did not infect the trial with unfairness as to make Petitioner's conviction a denial of due process; that the prosecution did not withhold material evidence in violation of *Brady v. Maryland*[1]; and that Petitioner's counsel did not represent Petitioner in a manner that constitutes ineffective assistance of counsel under *Strickland v. Washington.*[2] The Magistrate Judge correctly found that none of these determinations involved an unreasonable application of Supreme Court precedent and that because there were no errors in the proceedings, Petitioner's cumulative-error claim lacked merit.

In his Objection, Petitioner raises four arguments. The first two—reiterations of his Confrontation Clause arguments—were correctly analyzed by the Magistrate Judge. He does appear, however, to make a new argument: that he did not have the opportunity to fully cross-examine his co-defendant during the preliminary hearing because his counsel was able to rely on only the charging instrument during cross-examination—rather than the full record that had developed by the time of trial. But to find that this violates the Confrontation Clause would be to ignore Supreme Court precedent. *See, e.g., Crawford v. Washington*, 541 U.S. 36, 57 (2004) (noting that "prior trial or preliminary hearing

---

[1] 373 U.S. 83 (1963).
[2] 466 U.S. 668, 687 (1984).

testimony is admissible" so long as the "defendant had an adequate opportunity to cross-examine").

Petitioner contends that he was convicted with insufficient evidence. Yet a review of the record demonstrates that this too lacks merit because Petitioner failed to show that, based on the record, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned denies Petitioner a Certificate of Appealability. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA only if he/she demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Stack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he/she demonstrates "that jurists of reason could disagree with the district court's resolution of his/her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003) (*citing Slack v. McDaniel, supra*). Petitioner has not made either showing and is therefore not entitled to a COA.

The Court therefore ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety. The Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 22nd day of March 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE